PAWLAK, Respondent, vs. PELKEY and another, Appellants.

*April 5—April 30, 1918.*

*Fraud: Procuring conveyance from person mentally incompetent: Evidence: Witnesses: Competency: Value of property: Verdict: Passion or prejudice of jury..*

1. Findings by the jury to the effect that a defendant procured the conveyance to him by plaintiff of real and personal property at a time when plaintiff was, and defendant should have known he was, mentally incapable of contracting, are *held* to be sustained by the evidence; and the findings as to the value of such property are *held* to be well supported and not to indicate passion or prejudice.

2. The mental competency of a witness to testify is largely a question for the trial court, and impaired mental condition ordinarily goes to the weight or credibility of the evidence.

3. A report, made in September, 1914, by the examining physicians in an inquisition as to the sanity of a person, to the effect that he was sane, bore very remotely, if at all, upon the question of the competency of that person to contract in July, 1915; and the exclusion of such report was not error.

4. An offer, by a defendant who procured a conveyance of property from the plaintiff at a time when the latter is alleged to have been mentally incompetent to contract, to show that soon afterwards he asked the town board to take the deed in their name and pay the debts on the property, the offer being made for the purpose of showing good faith on the part of the defendant, was properly refused, such evidence being incompetent.

APPEAL from a judgment of the circuit court for Oconto county: OSCAR M. FRITZ, Judge.    *Affirmed.*

The complaint in this case was amended on the trial and as amended states substantially that the plaintiff was the owner of certain personal property and also certain real estate at the time alleged in the complaint; that in October, 1914, the defendants were the owners of a $700 note secured by a mortgage upon plaintiff's property, and that thereafter defendants sold said note and mortgage and guaranteed the payment of the note; that in July, 1915, while said note and mortgage were unpaid, the defendant *Sol G. Pelkey,* on behalf of the defendants, obtained from the plaintiff a deed of conveyance of real estate without paying any consideration therefor, which real estate was of the value of $2,300, subject to an incumbrance of $700; that defendants had guaranteed payment thereof; that in July, 1915, defendants conveyed said real estate to one John Neta, and that said Neta is an innocent purchaser thereof; that on July 2, 1915, and for some time prior thereto plaintiff was and still is of unsound mind and incapable of doing business; that July 2, 1915, defendants were acting as collectors of certain notes and mortgages upon the property of plaintiff and threatened to foreclose; that defendants demanded from plaintiff a bill of sale of all personal property owned by plaintiff in payment of said notes and mortgages amounting to $200; that said personal property was of the value of $950 and defendants paid no consideration therefor; that by reason of the premises plaintiff was damaged in the sum of $2,350, for which judgment was demanded.

The jury found that on July 2, 1915, the time of the transaction with *Sol G. Pelkey,* plaintiff was mentally incapable of understanding the nature and import of the transactions, including the bill of sale and deed which he then executed; that said *Sol G. Pelkey* knew at the time of the transactions that plaintiff was mentally incapable of understanding the nature

and import thereof, and that said *Sol G. Pelkey* ought, in the exercise of ordinary care, to have known that plaintiff was so mentally incapable; that the market value July 2, 1915, of the personal property removed by said *Pelkey* was $700, and that the market value July 2, 1915, of the property described in the deed executed by plaintiff was $2,000.

Plaintiff moved for judgment on the verdict; defendants made several motions, and among others a motion to set the verdict aside and for new trial. The court overruled all of defendants' motions and granted plaintiff's motion for judgment on the verdict. Judgment was rendered accordingly, from which this appeal was taken.

. For the· appellants there was a brief by *Classon & Whitcomb* and *John B. Chase* of Oconto, and oral argument by *Allan V. Classon.*

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner.*

KERWIN, J. The facts are substantially set forth in the statement of the case. Motions were made for nonsuit, to change the answers in the special verdict, and for judgment notwithstanding the verdict, which motions were overruled and error assigned.

1. The foregoing assignments of error all involve the sufficiency of the evidence. Quite a lengthy argument is made by counsel for appellants under this head, but we are convinced that there is sufficient competent evidence to support the verdict, and that the court below committed no error in overruling the above motions.

2. Error is assigned in allowing the plaintiff to testify on the ground that he was mentally incompetent. It is true that the evidence of plaintiff· was not very coherent and is subject to criticism. But the trial court was in better position to judge of the competency of the evidence than this court. Moreover, the competency of a witness to testify is largely a

question for the trial court, and impaired mental condition of a witness ordinarily goes to the weight or credibility of the evidence. *Burns v. State,* 145 Wis. 373, 128 N. W. 987; 40 Cyc. 2201, 2573. We are convinced that no error was committed under this head.

3. Error is assigned in refusal of the court below to admit in evidence a report of the examining physicians made on the 14th day of September, 1914, in regard to the mental condition of the plaintiff. This report was made on a petition for an inquisition relative to the insanity of the plaintiff and the report was to the effect that the plaintiff was sane. There was no error in excluding this report. It bore very remotely, if at all, upon the question of the competency of the plaintiff to contract on the 2d day of July, 1915. Moreover, one may be feeble-minded and not of sufficient capacity to contract and not necessarily in such mental condition as to require incarceration.

Point is also made by counsel for appellants that error was committed in refusing to admit certain testimony respecting an offer to show that after the conveyance the defendant *Sol G. Pelkey* went to the town board on the day or the day after he procured the deed from plaintiff and asked the board to take the deed in their name, and the personal property, and pay the debts on said property, and that the offer was made for the purpose of showing good faith on the part of defendant *Pelkey* in dealing with the plaintiff. This evidence clearly was incompetent and the ruling of the court below upon the offer was proper.

4. It is contended that the verdict of the jury in regard to the value of the property shows passion and prejudice, and that the amounts found were greatly in excess of what the record shows those values should be. An examination of the evidence convinces us that there is not only nothing to indicate passion or prejudice on the part of the jury on this question, but on the contrary we think the verdict as to values is well supported by the evidence.

Some other technical points are raised by counsel for appellants which we do not deem of sufficient weight to require treatment.

On the verdict in this case, which we regard supported by the evidence, it is clear that the plaintiff was entitled to judgment.

*By the Court.*—Judgment affirmed.